# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JONATHAN SEAY,

                       :

           Petitioner,                     Case No. 1:07-cv-174

                       :             District Judge Michael R. Barrett

    -vs-                            Chief Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
   Institution,

                       :

           Respondent.

---

## REPORT AND RECOMMENDATIONS

Jonathan Seay brought this habeas corpus petition pursuant to 28 U.S.C. § 2254 pleading the following ground for relief:

> **Ground One:** I am being detained in violation of the Fifth and Fourteenth Amendments.
>
> **Supporting Facts:** The State of Ohio did not prove each element necessary to support convictions for possession of cocaine and trafficking in cocaine.

(Petition, Doc. No. 1, at 6.)

An allegation such as Petitioner makes, that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a

-1-

conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was adopted

as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).  Of course,

it is state law which determines the elements of offenses;  but once the state has adopted the

elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

Respondent concedes that Petitioner has properly preserved this claim for federal habeas

corpus review on the merits by raising it on direct appeal to the First District Court of Appeals.  That

court decided this claim on the merits, holding as follows:

> [*P48] Seay was convicted of possession of and trafficking in cocaine. The possession statute prohibits any person from knowingly obtaining, possessing, or using a controlled substance. n37 The trafficking statute states that no person shall knowingly prepare for distribution or distribute a controlled substance for sale or resale. n38
>
> n37 *R.C. 2925.11(A).*
>
> n38 *R.C. 2925.03(A)(2).*
>
> [*P49] The state offered evidence that four plainclothes Cincinnati police officers were watching the Tompkins Apartments' parking lot when one of the officers recognized Seay leaving a maroon Intrepid. One of the other officers believed that Seay had warrants out for his arrest. The officers stopped Seay for questioning and confirmed the

open warrants. A subsequent search of his person yielded the keys to the Intrepid and $805 in cash.

[*P50] The state further offered evidence that in plain view in the car was a digital scale. The officers, having worked in narcotics, were familiar with this scale as one used by a drug dealer. A search of the vehicle then turned up a bag of marijuana and a bag of cocaine.

[*P51] We conclude that a rational factfinder, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that Seay had committed the offenses of possession of and trafficking in cocaine. Therefore, the evidence presented was legally sufficient to sustain Seay's convictions.

(Opinion, *State v. Seay*, Ex. 7 to Return of Writ, at ¶¶ 48-51.)

When a state court decides a federal constitutional claim later submitted to the federal courts in habeas corpus, the federal court must defer to the state court decision unless it is contrary to or an objectively unreasonable application of federal law as clearly established by decisions of the United States Supreme Court.

In *Williams [ v. Taylor*, 529 U.S.362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).], the Court held that an "unreasonable application" of clearly established federal law established by Supreme Court precedent occurs if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." 120 S. Ct. at 1520. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Id.* Although the Court failed to specifically define "objectively reasonable," it observed that "an unreasonable application of federal law is different than an incorrect application of federal law." *Id.* at 1522. Thus, even if we believe that a state court incorrectly applied federal law, we must refuse to issue the writ of habeas corpus if we find that the state court's decision was a reasonable one."

*Machacek v. Hofbauer*, 213 F.3d 947, 953-54(6th Cir. 2000).

In his Reply (Doc. No. 7), Petitioner argues that the decision of the First District Court of Appeals is contrary to the *Jackson v. Virginia* decision as a matter of law, but does not explain how he believes this is so.  This Court strongly disagrees.  The rule established in *Jackson* is that a conviction is supported by constitutionally sufficient evidence if any rational trier of fact could find the defendant guilty of the offenses charged.  That is precisely the rule which the First District Court of Appeals applied.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  529 U.S., at 404-405, 120 S.Ct. 1495.   A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides

a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002). Nothing in the First District's decision even suggests that it was applying a rule contrary to that in Jackson. In fact, Judge Painter expressly cited *State v. Jenks, supra,* the Ohio case which, as Petitioner admits in his Reply, adopts the *Jackson* standard as a matter of Ohio case law. (Opinion, Ex. 7 to Return of Writ, at 15, note 33.) Petitioner does not argue that *Jackson* was misapplied, but rather that the First District adopted a rule "contrary to" *Jackson*. That it plainly did not do.

Because Petitioner's sole ground for relief is without merit, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 28, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Seay Habeas R&R.wpd

-6-